UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SUNDIATA EVANS,

                 Plaintiff,

-against-

SUFFOLK COUNTY RIVERHEAD SHERIFF
DEPT., SUFFOLK COUNTY CORRECTIONAL
FACILITY,

                 Defendants.
------------------------------------------------------X

MEMORANDUM & ORDER
14-CV-6404 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  JAN 23 2015  ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On October 27, 2014, *pro se* plaintiff Sundiata Evans ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Suffolk County Riverhead Sheriff Dept. (the "Sheriff's Department") and the Suffolk County Correctional Facility (the "Jail" and together with the Sheriff's Department, "defendants"), accompanied by an application to proceed *in forma pauperis*.

Upon review of the declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed for failure to state a claim for relief 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

1

I. Background[1]

Plaintiff's complaint, submitted on the Court's Section 1983 form, alleges the following in its entirety:[2]

> On the approxamilty [sic] date and time of 4 am, date September 25[th] 2013. The incident arouse [sic] in the town of Riverhead. Assaulted by Officer Roxy (K-9 dog). The claimant was inside the deli, claimant came out of the bathroom in which the officer approached by way of gunpoint. Then claimant was thrown to the ground [sic] hand cuffed and visciously [sic] attack [sic] by Officer Roxy under the command of the officer. Also there was fellow Suffolk County Sheriff Officers present in the time of date [sic] allowing Officers Roxy (K-9 dog) bite claimant on my right arm visciously [sic] leaving the claimant bloody and in a state of shock to which his right are goes numb and encouring [sic] the claimant emotional disturb [sic] not being able to sleep. Only evidence inside store.
>
> Upon being bitten by Officer Roxy (K-9 dog). [sic] I was taken to Peconic Bay where to the treatment I recieved [sic] was Iodine and bandage.

(Compl. at ¶¶ IV-IV.A.) For relief, plaintiff seeks to recover a monetary damages award of three hundred thousand dollars ($300,000.00) "resulting from the physical, mental, emotional damages." (*Id.* at ¶ V.)

II. Discussion

    A. *In Forma Pauperis* Application

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order, *see, e.g., Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

[2] Excerpts from plaintiff's complaint are reproduced here exactly as they appear in the complaint. Errors in spelling, grammar and punctuation have not been corrected or noted.

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

B.  Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. It is axiomatic that district courts are required to read a *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted), and construe it "to raise the strongest arguments" suggested. *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord).

3

However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

1. Section 1983

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *See, e.g., Filarsky v. Delia*, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). Section 1983 does not create any independent

4

substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

In order to state a claim for relief under Section 1983, a plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

A. Entities Immune From Suit

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *See Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); *see also Sullins v. Nassau Cnty. Corr. Ctr.*, 12-CV-2632, 2012 WL 2458213, at *3 (E.D.N.Y. June 27, 2012) (dismissing claims against the Nassau County Jail because it lacks the capacity to be sued); *Lukes v. Nassau Cnty. Jail*, 12-CV-1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012)

(dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); *Hawkins v. Nassau Cnty. Corr. Fac.*, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011). Accordingly, plaintiff's claims against the Jail and the Sheriff's Department are dismissed in their entirety with prejudice. However, given plaintiff's *pro se* status, the Court will construe his claims to be asserted against Suffolk County.

B. Municipal Liability

A municipality or municipal entity, such as Suffolk County, cannot be held liable under Section 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Social Svcs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that action pursuant to official municipal policy caused the alleged constitutional injury." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotation marks and citation omitted); *see also Monell*, 436 U.S. at 690-91. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690–691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, *see Connick v. Thompson*, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011); (2) actions taken or decisions made by municipal policymaking officials (*i.e.*, officials with final decision making authority) which caused the alleged violation of plaintiff's civil rights, *see Amnesty America v.*

*Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359; *see also Green v. City of New York*, 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," *Cash*, 654 F.3d at 334 (quotations and citations omitted); *see also Okin v. Village of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 439 (2d Cir. 2009).

Despite a liberal reading, plaintiff's allegations are insufficient to state a Section 1983 cause of action against Suffolk County. *See White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (affirming *sua sponte* dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."). Plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by Suffolk County or the Jail; (2) actions taken or decisions made by Suffolk County or Jail policymaking officials which caused the alleged violation of his civil rights; (3) a Suffolk County or Jail practice so persistent and widespread as to practically have the force of law; or (4) a failure by Suffolk County or Jail policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Accordingly, plaintiff's allegations, as construed to be against Suffolk County, do not allege a plausible *Monell* claim against Suffolk County.

III.   Leave to Amend

A district court should not dismiss a *pro se* complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Accordingly, **plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of entry of this order.** If plaintiff chooses to file an amended complaint, he must set forth the factual allegations to support his civil rights claim(s) against a proper defendant as set forth above. If plaintiff is unable to identify the Suffolk County Jail Officers he seeks to sue within the time allowed, he may include them as "John Doe" or "Jane Doe" in the amended complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. If plaintiff fails to file an amended complaint within the time allowed, the complaint shall be dismissed, judgment shall enter, and the case will be closed. If plaintiff does file an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915A.

IV.   Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) **unless plaintiff files an amended complaint within thirty (30) days from the date of the entry of this order.** The Clerk of the Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: January 23, 2015
Central Islip, New York